## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

**LAFRAN LIGGINS**                                                    **PLAINTIFF**

**VS.**                          **NO.** <u>5:22-cv-05144</u> **- PKH**

**HARTFORD LIFE AND ACCIDENT**
**INSURANCE COMPANY and**
**ARCONIC, INC.**                                                     **DEFENDANTS**

### COMPLAINT

Plaintiff, Lafran Liggins, by and through her undersigned attorney, Brandon Lacy of Lacy Law Firm, and for her Complaint against Defendants, Hartford Life and Accident Insurance Company and Arconic, Inc., states:

### JURISDICTION AND VENUE

1.      This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 et seq. ("ERISA"), to recover benefits due under an employee benefit plan, to redress breaches of fiduciary duties under ERISA, and to recover costs and attorney's fees as provided by ERISA.

2.      This is an action brought pursuant to section 502(a), (e)(1) and (f) of ERISA, 29 U.S.C. § 1132(a), (e)(1) and (f).   The Court has subject matter jurisdiction pursuant to 29 U.S.C. 1132(e)(1) and 28 U.S.C. § 1331.   Under section 502(f) of ERISA, 29 U.S.C. § 1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

3.      Venue is properly laid in this district pursuant of section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b), in that one or more of the Defendants resides or is found in this district.

1

## PARTIES

4.     Plaintiff Lafran Liggins is an individual residing in Bentonville, Benton County, Arkansas.

5.     Defendant Hartford Life and Accident Insurance Company ("The Hartford") is a foreign corporation with its principal place of business located in a state other than Arkansas. Defendant The Hartford served as and performed the function of the administrator of Plaintiff's claim. As claims administrator, The Hartford made the determination to approve or disapprove disability claims made by participants of the Plan.   The Hartford ostensibly operated, therefore, as a "fiduciary" of the Defendant Plan within the meaning of sections 3(21) and 405(c) of ERISA, 29 U.S.C. § 1002(21) and § 1105(c).   The Hartford's registered agent for service of process is CT Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, AR, 72201.

6.     Defendant Arconic Inc. ("Arconic") is a foreign corporation with its principal place of business in a state other than Arkansas.   Arconic is the Plan Administrator and Plan sponsor and "named fiduciary" of the Defendant Plan, within the meaning of ç 3(16)(A) & (B), ç 3(21)(A), and ç 405(c) of ERISA, 29 U.S.C. ç 1002(16)(A) & (B), ç 1002(21)(A), and ç 1105(c).   Arconic is a fiduciary of the Plan within the meaning of ç 3(21)(A) of ERISA, 29 U.S.C. ç 1002(21)(A). Arconic is a "party in interest" within the meaning of ç 3(14) of ERISA, 29 U.S.C. ç 1002(14). Arconic's registered agent for service of legal process is Benefits Appeals Committee, Secretary, Arconic, Inc., 201 Isabella Street, Suite 200, Pittsburg, Pennsylvania 15212.

## COUNT ONE:   CLAIM FOR DISABILITY BENEFITS UNDER THE PLAN

7.     Paragraphs 1-6 are re-alleged and incorporated by reference as if fully set forth herein.

8.     This Action falls under 29 U.S.C. §1132 of ERISA seeking recovery of benefits by Plaintiff.

9.     Plaintiff is a participant in an employee benefit plan which provided disability insurance coverage.   The policy of disability insurance under which she has made a claim for benefits that was denied was renewed after March 1, 2013.

10.     As a participant, Plaintiff was entitled to long term disability benefits.

11.     Plaintiff is disabled as a result of clinical depression and generalized anxiety disorder.

12.     Defendants initially approved Plaintiff's claim for disability benefits only to later deny her claim based upon the same available medical information.   Defendants have unilaterally, arbitrarily and capriciously denied Plaintiff's claim for disability benefits.   This unilateral and arbitrary denial of Plaintiff's disability benefits violates the provisions of ERISA and the provisions of the Plan itself.

13.     The amount of harm to Plaintiff is continuing at this time and is in excess of Federal Diversity Jurisdiction.

14.     Pursuant to 29 U.S.C. § 1001 et seq., Plaintiff is entitled to recover all benefits due and owed under the Plan, past and future, all consequential and incidental damages incurred in result of the wrongful denial and termination of benefits thereunder, and all attorney's fees and costs herein expended.

## COUNT TWO: EQUITABLE RELIEF

15.     Paragraphs 1-14 are re-alleged and incorporated by reference as if fully set forth herein.

16.     Arconic is the Plan sponsor and "named fiduciary" of the Defendant Plan, within the meaning of ç 3(16)(A) & (B), ç 3(21)(A), and ç 405(c) of ERISA, 29 U.S.C. ç 1002(16)(A) & (B), ç 1002(21)(A), and ç 1105(c).   Arconic is a fiduciary of the Plan within the meaning of ç 3(21)(A) of ERISA, 29 U.S.C. ç 1002(21)(A).

17.     29 U.S.C. ç 1132(a)(3) also permits the Plaintiff pursue equitable relief to enforce ERISA's provisions or the terms of the Plan.   This statutory provision encompasses claims for breach of fiduciary duty, waiver, and estoppel.

18.     Plaintiff is entitled to recover against Defendants for breach of fiduciary duty, waiver, and estoppel, pursuant to 29 U.S.C. ç 1132(a)(3) for its actions in this case.   Specifically, Defendants initially approved Plaintiff's claim for disability benefits only to deny her claim based upon the same available medical information and a lack of improvement and condition. Defendants have failed to conduct a full and fair review, have ignored relevant medical information, and have failed to obtain or consider other medical information that would support Plaintiff's claim.

19.     Pursuant to 29 U.S.C. ç 1001, et seq., Plaintiff is entitled to recover all benefits due and owed under the Plan as a result of the Defendant's breach of fiduciary duty and under the equitable principles of waiver and estoppel encompassed in the ERISA statutory provision.

## COUNT THREE:   ATTORNEY'S FEES

20.     Paragraphs 1-19 are re-alleged and incorporated by reference as if fully set forth herein.

21.    Plaintiff is entitled to recover a reasonable attorney's fee and costs of the action herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court:

(1)    Award Plaintiff all past and future disability benefits to which she is entitled and interest as it has accrued since date of original entitlement;

(2)    Award Plaintiff the costs of this action and reasonable attorney's fees; and

(3)    Award such other, further and different relief as may be just and proper.


Respectfully Submitted,

Brandon W. Lacy
**LACY LAW FIRM**
630 S. Main Street
Jonesboro, AR 72401
870-932-4522
brandon@lacylawfirm.com

_____
Brandon W. Lacy #03098